UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEITH ELLIOT BAXTER, JR.,

                Plaintiff,

-vs-                                                Case No.  6:09-cv-350-Orl-18GJK

AUTOMATED GATE SYSTEMS, INC., and
CHARLES LEWIS, JR.,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANT'S [sic] OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT** (Doc. No. 46) |
| **FILED:** | June 30, 2010 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

    On February 23, 2009, Keith Elliot Baxter, Jr. (the "Plaintiff") filed a complaint (the "Complaint") alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., (the "FLSA") against Automated Gate Systems, Inc. ("AGSI") and Charles Lewis, Jr. ("Lewis") (collectively, the "Defendants").  Doc. No. 1. On April 7, 2009, Defendants filed an answer, affirmative defences, and counterclaims against

Plaintiff. Doc. No. 12. The counterclaims allege a claim for breach of a verbal agreement and a claim for conversion of employee "timecards". Doc. No. 12. On May 27, 2009, the counterclaim alleging breach of a verbal agreement was dismissed by the Court. Doc. No. 22.

On March 25, 2010, the parties filed a Joint Notice of Settlement. Doc. No. 43. On June 30, 2010, Plaintiff filed a Motion for Entry of Judgment in Accordance with Defendant's Offer of Judgment and Plaintiff's Acceptance of Offer of Judgment (the "Motion"). Doc. No. 46. In the Motion, Plaintiff requests that the Court enter judgment pursuant to Rule 68(a), Federal Rules of Civil Procedure, based on Defendants' February 17, 2010 offer of judgment and Plaintiff's March 18, 2010, acceptance of the offer of judgment. Doc. No. 46. Attached to the Motion is a copy of Defendants' February 17, 2010, offer of judgment (the "Offer of Judgment") which states it is made in an effort "to resolve all issues and claims in the [C]omplaint. . . ." Doc. No. 46-1. The Offer of Judgment provides that Plaintiff will receive $1,120.00, which "represents all amounts owed him with no compromise of all claims made under the FLSA," and an unquantified amount for "[r]easonable attorney fees and costs." Doc. No. 46-1. Plaintiff also attaches a copy of his March 18, 2010 acceptance (the "Acceptance") of the Offer of Judgment. Doc. No. 46-2. In the Motion, Plaintiff requests entry of judgment against the Defendants in the total amount of $1,120.00, plus reasonable attorneys' fees and costs to be determined by the Court. Doc. No. 46.

On July 15, 2010, Defendants filed a response (the "Response") to the Motion. In the Response, Defendants do not dispute the amount of Plaintiff's FLSA claim that the Court should award, but Defendants state, without elaboration or reliance on any legal authority, that "Defendants do not believe that entry of judgement is appropriate or necessary given that the

parties have agreed on damages." Doc. No. 47 at 2. Defendants also request that the Court cap any award of attorneys' fees and costs at $2,045.00. *Id*. at 1-2.

Although the Motion is brought under Rule 68(a), Federal Rules of Civil Procedure, pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving any FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and

3

(6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

*Id.*² In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 8, 14, 28, 33. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id.* Although the Defendants now asserts that entry of judgment is not appropriate, the parties agreed to reduce Plaintiff's claim to judgment for a total sum of $1,120.00 representing all amounts owed Plaintiff "with no compromise of all claims made under the FLSA." Doc. No. 46-1. Accordingly, the undersigned recommends that the Court find the Offer of Judgment and the Acceptance are a fair and reasonable resolution of Plaintiff's bona fide FLSA claim.

Plaintiff failed to provide the Court with any information which would allow it to determine reasonable attorneys' fees and costs. Therefore, the undersigned recommends that the Court **DENY** without prejudice Plaintiff's request attorneys' fees and costs. Pursuant to Rule 54,

---
² Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Federal Rules of Civil Procedure, Plaintiff may file a motion for attorneys' fees and costs within fourteen (14) days after entry of judgment in this case, but only after complying with Local Rule 3.01(g).

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. **GRANT in part and DENY in part** the Motion (Doc. No. 46); and

2. Enter Judgment for Plaintiff and against Defendants in the amount of $1,120.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 2, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.