# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEITH ELLIOT BAXTER, JR.,**

                              **Plaintiff,**

-vs-                                                    Case No.  **6:09-cv-350-Orl-18GJK**

**AUTOMATED GATE SYSTEMS, INC., and
CHARLES LEWIS, JR.,**

                              **Defendants.**
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR AWARD OF ATTORNEYS' FEES (Doc. No. 52)** |
| **FILED:** | **October 6, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I.    BACKGROUND.

On February 23, 2009, Keith Elliot Baxter, Jr. (the "Plaintiff") filed a complaint alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., (the "FLSA") against Automated Gate Systems, Inc. and Charles Lewis, Jr. (collectively, the "Defendants").  Doc. No. 1.  On September 23, 2010, judgement was entered in favor of Plaintiff against Defendants, pursuant to Plaintiff's acceptance of the

Defendants' Offer of Judgment, in the amount of $1,120.00.  Doc. No. 51.  On October 6, 2010, Plaintiff filed a Motion for Award of Attorneys' Fees (the "Motion").  Doc. No. 52.

In the Motion, Plaintiff requests an award of $4,257.00 in attorneys' fees and $380.00 in costs.  Doc. No. 52 at 2.  In support of the Motion, Plaintiff attaches an affidavit of his counsel, L. Todd Budgen, Esq., showing the total amount of time he and his paralegals worked on the case, his hourly rate, an explanation as to why the hourly rate requested for each individual is reasonable, and a detailed description of the total costs claimed.  Doc. No. 52-1 at 1-2.  Plaintiff also attached a detailed time sheet showing the number of hours expended on the case and individual who performed each task, and two invoices for the costs of service of process.  Doc. Nos. 52-2, 52-3.  Plaintiff states that he agreed not to request attorneys' fees for Plaintiff's original counsel, K.E. Pantas, Esq., because Mr. Pantas "is no longer readily available and not actively working this case. . . ."  Doc. No. 52 at 2 n. 1.

On October 21, 2010, Defendants filed a response (the "Response") to the Motion arguing that the Court should award Plaintiff less than the requested amount of attorneys' fees and costs because: Plaintiff rejected Defendants' prior offers to settle the case for $1,120.00 in an attempt to "rack up" attorneys' fees; work performed by Mr. Pantas's paralegals totalling $1,280.00 should not be charged to Defendants; Mr. Budgen's hourly rate should be reduced to $200.00 per hour due to the economic downturn; and the time expended by Mr. Budgen reviewing the transcript of the settlement conference was excessive.  Doc. No. 53.  Defendants provided the affidavit of defendant Charles Lewis, Jr. in support of the Response. Doc. No. 53-1.

On November 9, 2010, after being granted leave, Plaintiff filed a reply (the "Reply") to the Response.  Doc. No. 58.  Mr. Budgen states that Plaintiff's rejection of Defendants' prior

2

offer to settle the case was not an attempt to "rack up" attorneys' fees because "Plaintiff accepted the offer of judgment based in part upon information gleaned from the [November 18, 2009] magistrate settlement conference." Doc. No. 58 at 1. Mr. Budgen asserts that the information obtained at the settlement conference "had never been known to [Mr. Budgen]." *Id*. at 1.[1] Plaintiff states that Defendants' contention is "merely a baseless attack" on Mr. Budgen. Doc. No. 58 at 2.

Mr. Budgen argues that his hourly rate should not be reduced based on the economic downturn because Defendants failed to demonstrate that "the Orlando market has had a reduction in the hourly rate for attorneys having similar experience and knowledge as [Mr. Budgen]." Doc. No. 58 at 3. As to Defendants' contention that time spent by Mr. Budgen for reviewing the transcript of the settlement conference was excessive, Mr. Budgen states that the entry on the time sheet "should have stated that it was for the review of the transcript, the notes the undersigned took at the conference, the records produced at the conference and discussions with [Mr. Budgen's paralegal] regarding the events transpiring at the settlement conference." Doc. No. 58 at 3 n. 4. Thus, Mr. Budgen maintains that that time entry should not be reduced. *Id*. In the Reply, Mr. Budgen does not address Defendants' argument that any award of attorneys' fees should be reduced by $1,280.00 because Mr. Budgen should not be awarded attorneys' fees for time expended by Mr. Pantas's paralegals. Doc. No. 58.

---

[1] More specifically, Mr. Budgen states "Plaintiff [previously] provided what [Mr. Budgen] now believes to be erroneous dates of employment, which affected the damage calculations in this case. Moreover, Defendants produced records [at the settlement conference] which it had never produced prior to the magistrate settlement conference. . . ." Doc. No. 58 at 1 n.1.

3

## II.   ANALYSIS.

In suits to recover unpaid minimum wages or unpaid overtime wages mandates, the FLSA mandates that "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.").

In this circuit, reasonableness is generally determined by use of the familiar lodestar approach.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

### A.  Reasonable Hourly Rate.

In the affidavit, Mr. Budgen provides the following chart:

| Attorney/Paralegal | Time | Rate | Total |
|---|---|---|---|
| L. Todd Budgen | 9.3 hours | $275.00 | $2,557.50 |
| Jon Rankin (Paralegal) | 9.4 | $105.00 | $987.00 |
| Becki Rodak (Paralegal) | 2.9 | $95.00 | $275.50 |

| Quenia Herrera | 4.6 | $95.00 | $437.00 |
| Total | 26.2 | | $4,257.00 |

Doc. No. 52-1 at 2.   As recently as October 28, 2010, Mr. Budgen, Mr. Rankin, and Ms. Rodak have all previously been awarded the requested hourly rates in similar FLSA cases within the Orlando Division of the Middle District of Florida.   *See McGill v. Pegasus Foods, Inc.*, Case No. 6:10-cv-754-Orl-28GJK, Doc. No. 18 (M.D. Fla. Oct. 28, 2010). *See also Perez v. Sanford-Orlando Kennel Club, Inc.*, Case No. 6:05-cv-269-Orl-28KRS (M.D. Fla. Aug. 14, 2009) (awarding Budgen $275.00 per hour*); Brown v. Christopher M. Ranieri, P.A.*, Case No. 6:08-cv-918-Orl-28GJK, Doc. Nos. 36-37 (M.D. Fla. Aug 17, 2009) (awarding Rankin $105.00 per hour); *Coes v. World Wide Revival, Inc.*, Case No. 6:05-cv-563-Orl-DAB, Doc. No. 73 (M.D. Fla. Nov. 7, 2007) (awarding Rodak $95.00 per hour).   On April 8, 2010, Ms. Herrera was awarded a reasonable hourly rate of $95.00.   *See Gonzalez v. Canal Management, Inc.*, Case No. 6:09-cv-575-Orl-28GJK, 2010 WL 1851697 at *3 (M.D. Fla. Apr. 8, 2010) (awarding Herrera $95.00 per hour).

Defendants argue that the Court should reduce Mr. Budgen's reasonable hourly rate to $200.00 due the economic downturn.   Doc. No. 53 at 3. Defendants failed to present any evidence indicating that the economic downturn has resulted in lower reasonable hourly rates in the Orlando market.   Defendants also failed to present any evidence demonstrating that Mr. Budgen's requested hourly rate of $275.00 is unreasonable in this market.   Accordingly, it is recommended that Court find the hourly rates requested for Budgen, Rankin, Rodak, and Herrera are reasonable.

**B.  Number of Hours.**

Plaintiff agreed to eliminate the hours worked on the case by Plaintiff's original counsel, Mr. Pantas. Doc. Nos. 52 at 2 n. 1, 52-2 (eliminating 7.4 hours of work expended by Pantas). Defendants argue that not only should Mr. Pantas's hours be eliminated, but all time expended by his paralegals should also be eliminated.  Doc. No. 53 at 3.  Defendants provide no basis for their argument other than the paralegals' work was "controlled and/or directed by Pantas." *Id.* Plaintiff did not address that argument in the Reply.  A review of the time sheet shows that Mr. Rankin, Ms. Rodak, and Ms. Herrera worked on the case since its inception and continued to work on the case with Mr. Budgen after he filed a Notice of Appearance on October 14, 2009. Doc. Nos. 35, 52-2.   They are the only paralegals who have worked on the case.  Mr. Pantas, although no longer involved in the case, never filed motion to withdraw and remains counsel of record for Plaintiff.  Defendants offer no legal authority for the proposition that the Court should reduce or eliminate the number of hours Mr. Rankin, Ms. Rodak, and Ms. Herrera expended on the case prior to Mr. Budgen's appearance.  Accordingly, it is recommended that the Court include the number of reasonable hours expended on the case by Mr. Rankin, Ms. Rodak, and Ms. Herra prior to Mr. Budgen's appearance in the case and deny Defendants' request to eliminate those hours.

Defendants maintain that the Court should reduce the time spent by Mr. Budgen for reviewing the transcript of the magistrate settlement conference. Doc. No. 53 at 3-4.  The time sheet shows that Mr. Budgen expended .90 hours receiving and reviewing that transcript.  Doc. No. 52-2 at 1.  The transcript at issue is five (5) pages in length.  Doc. No. 44 at 1-5.  In the Reply, Mr. Budgen asserts that the time expended is not excessive because the time entry should

have reflected that he reviewed the transcript, his notes from the settlement conference, the records produced by Defendants at the conference, and discussed the same with Mr. Rankin. Doc. No. 58 at 3 n. 4.   However, the time entry only states "Receipt and review of Magistrate Settlement Conference Transcript."  Doc. No. 52-2.  Based upon what is actually reflected in the time entry, it is recommended that the Court find the time expended reviewing the transcript is excessive and reduce the number of hours expended on that task to .10.

Defendants also maintain that the case was needlessly extended in order for Plaintiff's counsel to "rack up" attorneys' fees.  Doc. No. 53 at 2.  Defendants offer no evidence in support of their conclusory allegation.  In the Reply, Plaintiff states that the original settlement offer was rejected in part because Defendants had not produced all of the necessary information to allow Plaintiff to determine whether the settlement proposal was reasonable.  Doc. No. 58 at 1.  Mr. Budgen also states that after receiving the necessary information from Defendants, he realized that dates of employment claimed by Plaintiff were erroneous, which affected Plaintiff's damage calculations.   In light of the lack of evidence offered by Defendants, Plaintiff and Mr. Budgen's explanation seems reasonable.  Accordingly, it is recommended that the Court deny Defendants' request to reduce the award of attorneys' fees.

### C. Costs.

In the Motion and Mr. Budgen's affidavit, Plaintiff requests costs of $380.00, consisting of a filing fee ($350.00) and costs of service of process ($50.00).  Doc. Nos. 52 at 4, 52-1 at 2.[2] However, those costs actually total $400.00. Accordingly, it is recommended that the Court award the full amount requested by Plaintiff -- $380.00.

---

[2]Plaintiff attaches invoices reflecting $50.00 in service of process costs.  Doc. No. 52-3.

III.     **CONCLUSION**

Based upon the forgoing, including the recommended reduction in Mr. Budgen's time by .8 hours, it is **RECOMMENDED** that the Motion (Doc. No. 52) be **GRANTED in part and DENIED** in part in the following respects:

1.   Plaintiff be award attorneys' fees totaling $4,036.50 as reflected in the chart below:

| Attorney/Paralegal | Time | Rate | Total |
|---|---|---|---|
| L. Todd Budgen | 8.5 hours | $275.00 | $2,337.50 |
| Jon Rankin (Paralegal) | 9.4 | $105.00 | $987.00 |
| Becki Rodak (Paralegal) | 2.9 | $95.00 | $275.50 |
| Quenia Herrera | 4.6 | $95.00 | $437.00 |
| Total | 25.4 | | $4,036.50 |

2.   Plaintiff be awarded costs in the amount of $380.00; and

3.   The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 22, 2010.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record.