# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEITH ELLIOTT BAXTER, JR.,
        Plaintiff,

-vs-                                                    Case No.  6:09-cv-350-Orl-18KRS

AUTOMATED GATE SYSTEMS, INC.,
CHARLES LEWIS, JR.,
        Defendants.

---

## ORDER

THIS CAUSE comes for consideration on Plaintiff Keith Elliot Baxter Jr.'s Motion for Award of Attorney's Fees (Doc. 52, filed Oct. 6, 2010) to which Automated Gate Systems, Inc. and Charles Lewis Jr. (collectively, "the Defendants") responded in opposition (Doc. 53, filed Oct. 21, 2010). Baxter replied to the response. (Doc. 58, filed. Nov. 9, 2010.) The Magistrate Judge in this case issued a Report and Recommendation suggesting that attorney's fees be awarded in the amount of $4,036.50 and that costs be awarded in the amount of $380.00. (Doc. 59 at 8, filed Dec. 22, 2010.) The Defendants objected to the Magistrate's Report (Doc. 60, filed Jan. 5, 2011), and Baxter responded in opposition (Doc. 61, filed Jan. 20, 2011). Because the Fair Labor Standards Act mandates an award of attorney's fees when a plaintiff prevails, the motion will be granted in part and denied in part.

### I. Background

This case began with a claim that Baxter brought against the Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. (Doc. 1, filed Feb. 23, 2009.) Baxter sought unpaid wages, unpaid overtime wages, and liquidated damages; and, initially,

participated in this lawsuit through his counsel, Konstantine Pantas. During this time, the

Defendants offered to settle the case for $1,200.00. (Doc. 53-1 at 1-2, filed Oct. 21, 2010.)

Baxter rejected the offer. Then, seven months into the case, L. Todd Budgen entered an

appearance and took over as lead counsel for Baxter.[1] (Doc. 35, filed Oct. 14, 2009.) The

parties jointly moved for a settlement conference and subsequently met with the Magistrate

Judge. The Defendants offered to settle the case, this time for $1,120.00; again, the offer was

rejected. (Doc. 53-1 at 2.) After the parties located time sheets documenting Baxter's hours,

the Defendants again offered to settle for $1,120.00. Baxter accepted.[2] Judgment was entered

in favor of Baxter in September of 2010. (Doc. 51, filed Sept. 23, 2010.)

Shortly thereafter, Baxter filed a motion for attorney's fees and costs, seeking $4,257.00

in fees and $380.00 in costs. (Doc. 52 at 4.) The Defendants responded in opposition to the

motion and Baxter filed a reply to the response. After considering the motions filed by the

parties, the Magistrate Judge entered the Report recommending that Baxter be granted attorney's

fees totaling $4,036.50 and costs of $380.00. The Defendants then filed a motion objecting to

the Report and Baxter filed a response to their objection.

## II. Discussion

Under the FLSA, an employer who violates the act will be required to pay reasonable

attorney's fees and costs. 29 U.S.C. § 216(b). Determination of a reasonable fee is left to the

---

[1] In addition to the October appearance, Budgen entered an identical appearance with this Court in November. (Doc. 39, filed Nov. 18, 2009.) Pantas remains listed as counsel of record.

[2] The Defendants suggest that the records in question were in Baxter's possession, and that he waited to produce them. (Doc. 53 at 2.) Conversely, Baxter asserts that the Defendants produced the records at the magistrate settlement conference and that the records had not been previously produced. (Doc. 58 at 1.)

sound discretion of the district court.  Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985).  As the Supreme Court has specified, a reasonable fee is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In conducting this calculation, a court should exclude hours that were not reasonably expended.  Id. at 434.  The number calculated is known as the "Lodestar" figure.

After calculation of the Lodestar figure, a court may further alter the award of fees upward or downward.  Id.  Indeed, courts have promulgated twelve factors that may be considered in this analysis.  Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).[3]  They include the following:

The time and labor required;

The novelty and difficulty of the questions;

The skill requisite to perform the legal service properly;

The preclusion of other employment by the attorney due to acceptance of the case;

The customary fee;

Whether the fee is fixed or contingent;

Time limitations imposed by the client or the circumstances;

The amount involved and the results obtained;

The experience, reputation, and ability of the attorneys;

---

[3]Pursuant to Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), all decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent upon this Court.

The "undesirability" of the case;

The nature and length of the professional relationship with the client;

And awards in similar cases.

Id. While a court may consider these factors, it need not; in fact, many of the factors listed are

incorporated into the Lodestar calculation. Hensley, 461 U.S. at 434 n.9.

1. Calculations and Objections

Budgen provided calculations for the hours expended on the case and the rate charged

for those hours. (Doc. 52-1 at 2). The calculations are as follows:

| Attorney/Paralegal | Hours | | Rate | Total |
|---|---|---|---|---|
| L. Todd Budgen | 9.3 | x | $ 275.00 | = $ 2,557.50 |
| Jon Rankin | 9.4 | x | $ 105.00 | = $ 987.00 |
| Becki Rodak | 2.9 | x | $ 95.00 | = $ 275.50 |
| Quenia Herrera | 4.6 | x | $ 95.00 | = $ 437.00 |
| TOTAL | | | | = $ 4,257.00 |

Budgen removed the fees of Pantas "in an effort to resolve any fee disputes." (Doc. 61

at 2.) Budgen also attached a detailed "Statement of Account," which listed the time entries for

the case, named the attorney or paralegal who performed the work, and described the activity;

he also provided two invoices for the cost of service of process. (Doc. 52-2.)

The Defendants oppose these calculations for three reasons. First, they argue that

Budgen extended the case to "rack up" fees. (Doc. 53 at 2.) In addition to Pantas's hours, the

Defendants want his entire staff's billing removed. The Defendants state that the bill should be

-4-

reduced by $1280.00 for this. Next, the Defendants argue that Budgen's rate should be reduced to $200.00 per hour due to the legal issues in this case and "the state of the economy." (Id. at 3.) Finally, the Defendants assert that Budgen should have his fees reduced because he listed a billing entry for "review" of a transcript, yet spent nearly an hour reviewing the brief transcript. (Id. at 3-4.)

The Magistrate Judge's Report and Recommendation considered each of the Defendants' arguments. First, the Magistrate recommended that Budgen receive $275.00 per hour. Next, the Magistrate pointed out that the Defendants offered no legal authority to support the claim that the Court should reduce the hours worked by the paralegals, and then recommended that the Court include the number of hours expended by Rankin, Ms. Rodak, and Ms. Herra. Finally, the Magistrate considered the hours Budgen spent reviewing the transcript, noting that the transcript was five pages and that the time entry stated "Receipt and review of Magistrate Settlement Conference Transcript." (Doc. 59 at 6-7.) Given the wording of the time entry, the Magistrate recommended that the entry be reduced to .1 hours.

The Report and Recommendation also noted that Baxter sought $380.00 in costs, despite documentation showing a filing fee of $350.00 and cost of service of process of $50.00. The Magistrate recommended awarding the full amount requested by Baxter. The Court agrees and accepts this recommendation.

The Defendants objected to the Report and Recommendation. They argue that the case should have been settled much earlier because Baxter was in possession of the time records that were needed to verify the amounts at issue, and that Budgen only billed 6.9 hours working on

this case, not the 9.3 hours discussed by Budgen and the Magistrate. Finally, the Defendants point to a typo in Budgen's billing, which states "office conference with to [sic] prepare for settlement conference." (Doc. 60 at 4; Doc. 52-2 at 2.)

Baxter responded to these objections, arguing that Defendants possessed the information needed to settle the case and that the Magistrate correctly calculated the 9.3 hours of time. He concedes that there is indeed an error in the billing statement which should state "office conference with *client* to prepare for settlement conference." (Doc. 61 at 3-5.)

2. Lodestar Calculation

The Court is faced with six main objections to the hours billed in this case and will address each in turn.

i. Review of Transcript

The Court agrees with the Magistrate's Recommendation that "review" of a transcript, especially one that does not exceed five pages (Doc. 44, filed Apr. 26, 2010), should not take the better part of an hour. The time Budgen billed April 26, 2010 should be reduced from .9 hours to .1 hours.

ii. Typographical Error in Billing

The Statement of Account contains a time entry that states "Office conference with to prepare for settlement conference." (Doc. 52-2 at 2.) In FLSA cases, the plaintiff bears the burden of establishing that the hours spent on a particular case is reasonable; if documentation is inadequate, the award may be reduced. Hensley, 461 at 433. Budgen explains that this was

merely a typographical error which left out the word "client." (Doc. 61 at 4-5.) The Court accepts counsel's explanation and the hours billed will stand.

iii. Budgen's Total Hours

The Defendants assert that Budgen billed only 6.9 hours of service, and not the 9.3 hours claimed by Budgen and calculated by the Magistrate Judge. This Court has reviewed the time records and concludes that Budgen did in fact bill 9.3 hours. (Doc. 52-2 at 1-2.)

iv. Attorney's Hourly Rate

The Defendants assert that Budgen's rate should be reduced from $250 to $200 because of the state of the economy. (Doc. 53 at 3.)   Yet, the Defendants have provided no documentation that the changing economy has reduced rates for attorneys in FLSA cases. Conversely, Budgen submitted an affidavit stating that he has previously been awarded a rate of $275.00 per hour in the Middle District of Florida. Budgen's affidavit cites to three cases in which he was awarded $275.00 per hour. Unfortunately, none of the three cases persuasively establishes a reasonable hourly rate for Budgen. In the first case, Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 2007 WL 842771, No. 6:05-cv-269-ORL-28JGG, at *8-9 (M.D. Fla. March 20, 2007), neither Budgen nor his fee is discussed. There is extensive discussion regarding another attorney's fee, and the order in the case reduced the rate from $280 to $200 per hour. In Patel v. Ridhi Invs., Inc., No. 6:10-cv-00375-JA-DAB (M.D. Fla. May, 20, 2010), the court stated that Budgen sought a rate of $300, but was ultimately awarded $275 per hour. However, it is important to note that the motion for attorney's fees was uncontested. Given this, Patel has limited impact upon this case—a case in which the Defendants object to Budgen's

hourly rate. See Moore v. Appliance Direct, Inc., 2009 WL 909271, No. 6:08-cv-317-Orl-19DAB, at *2 (M.D. Fla. April 1, 2009) (stating that a cited case, where attorney's fees were uncontested, had limited persuasiveness "because Defendants vigorously contest Plainitffs' motion."). Finally, the third case Budgen cites contains no mention of attorney's fees because the case was voluntarily dismissed. Ramos v. All Purpose Ins., Inc., No. 6:09-cv-01826-ACC-DAB (Doc. 27, filed July 1, 2010). Given this, Budgen has failed to present evidence that his hourly rate is reasonable.

When an attorney fails to provide sufficient evidence of the proper fee rate, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). The Court is mindful of the flood of FLSA cases proceeding in the Middle District of Florida. Routinely, these cases are unexceptional, uncomplicated, and unburdensome. Attorneys in such cases with qualifications similar to Budgen's have been awarded an hourly rate of $250 per hour. See Nipper v. Lakeland Hotel Investors, Ltd., 2010 WL 4941718, No. 8:10-cv-498-T-33EAJ, at *6 (M.D. Fla. Nov. 30, 2010) (awarding $250 per hour to attorney with twenty years' experience); Martinez v. C.F. Johary D.M.D., P.A., 2010 WL 4056018, No. 5:08-cv-148-Oc-10GRJ, at *3 (M.D. Fla. Oct. 15, 2010) (stating "the Court will rely on its own competence and experience and concludes that

an hourly rate of $250.00 is reasonable"); <u>Lee v. D & W Corp.</u>, 2009 WL 3582262, No. 6:08-cv-1599-Orl-22GJK, at *1 (M.D. Fla. Oct. 27, 2009) (awarding reasonable hourly rate of $250, comparable to similar cases in the Middle District of Florida). Thus, the Court will reduce Budgen's hourly rate to the appropriate amount of $250 per hour.

  v. & vi. Excess Fees and Delayed Settlement

  The Defendants' final claims may be addressed concurrently. The Defendants argue that Baxter and his lawyers refused to settle this case in an effort to "rack up" fees and they suggest that the case could have been settled earlier. Baxter responds that he did no such thing and that it was the Defendants who were in possession of the time records that allowed the parties to settle the case.

  It does not appear that Baxter or his attorneys acted in bad faith in the hopes of increasing fees. The Defendants have offered no proof on this point and instead have asserted a conclusory allegation. Nevertheless, the court is concerned with the amount of attorney's fees sought when compared to the amount of the settlement. The time between the first settlement offer and the resolution of this case was considerable, especially given the lack of activity. It appears that the parties could have settled this case much earlier, for more money, if the time sheet had been produced earlier. The Court will consider this fact in determining the final fee amount. <u>See Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.") (internal citation omitted).

3. Fee Award

The Supreme Court has clarified that a district court retains discretion to alter fee awards even after calculation of the Lodestar figure. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Hensley, 461 U.S. at 434. The Hensley Court specifically referenced the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., and the Court added that when a plaintiff has partial or limited success, the reasonable fee calculation "may be an excessive amount." Id. at 436.

Based upon this Court's accounting (Section 2, above), Budgen's billing statement should be adjusted as follows:

L. Todd Budgen        8.5 hours        x        $ 250.00 per hour        = $ 2,125.00

But the matter is not concluded. The Court is faced with a unique set of facts, which have led Baxter to seek over $4,000.00 in attorneys fees for a $1,120.00 judgment. He received three offers before finally agreeing to settle the case. Indeed, the original offer was higher than the final settlement amount. Settlements may be considered by a district court in determining FLSA fees. Hensley, 461 U.S. at 436 ("Again, the most critical factor is the degree of success obtained."). The Ninth Circuit has gone so far as to hold that, in certain circumstances, when an offer is rejected and the final settlement is less than that offer, "these circumstances must be considered by the district court in determining what fee is reasonable." Haworth v. Nev., 56 F.3d 1048, 1052 (9th Cir. 1995).

-10-

Understandably, there are FLSA cases in which the fees will exceed the wages recovered. But this particular FLSA case carries a high price tag. The case is not novel—in fact, it is downright mundane. The issues in the matter were uncomplicated. Indeed, the case was settled because the parties found the time sheet they had been missing. The shuffling of Budgen and Pantas as counsel further affected the development of the case.

Ultimately, a case that began with more than $40,000.00 at issue settled for $1,120.00. Baxter was twice presented with settlement offers that would have concluded this case at a much earlier stage. Instead, attorney's fees continued to accrue. Given the concerted effect of all these factors, Baxter will recover attorney's fees commensurate with his recovery. The Defendants shall pay $1,120.00 in attorney's fees and costs in the amount of $380.00.

### III. Conclusion

The Court respectfully declines to adopt the Magistrate Judge's Report and Recommendation (Doc. 59). For the foregoing reasons, it is ordered that Plaintiff Keith Elliot Baxter Jr.'s Motion for Attorney's Fees and Costs (Doc. 52) is **GRANTED** in part and **DENIED** in part. Plaintiff shall recover $1,120.00 in attorney's fees and $380.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on this ____/____ day of May, 2011.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

-11-